UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALPHONSE PECOU,

                Plaintiff,

-against-

ATTORNEY SIDNEY HIRSCHFELD,
Director of Mental Hygiene Legal Services;
ATTORNEY LILLIAN SONDON;
SUPERVISOR JACKIE CIVALTINO, Esq.;
COMMISSIONER OF MENTAL HEALTH
SHARON CARPINELLO; and
Mr. FELDS, Deputy Director of MHLS,

                Defendants.
----------------------------------------------------------------x

07-cv-5449 (SJF)

**OPINION AND ORDER**
Dismissing Plaintiff's Complaint

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 03 2008 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

I. Introduction

On October 11, 2007, *pro se* Plaintiff, Alphonse Pecou, filed this civil action, ostensibly pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, in the United States District Court for the Southern District of New York ("S.D.N.Y."). The case was transferred to this Court on December 28, 2007. Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

II. Background

On January 5, 2007, Plaintiff filed a previous civil action against the Office of Health Information and several other defendants, in which he sought to challenge information contained in his mental health records, which he alleged had affected his liberty interests. That case was

ultimately dismissed by this Court. See Pecou v. Forensic Committee Personnel, et al., No. 06-cv-3714 (SJF), 2007 WL 1774693 (E.D.N.Y. June 18, 2007). In the instant Complaint, Plaintiff names as defendants several attorneys at Mental Hygiene Legal Services and the Commissioner of Mental Health. He alleges that his recent retention hearing violated his right to Due Process and that his attorneys failed to file an appeal of the unfavorable judgment. He seeks $10 million in damages.

III. Discussion

A. *Standard of Review*

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers.'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. See Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

B. *Alleged Civil Rights Violations*

Plaintiff alleges that Defendants' actions violated his civil rights. A claim for violations of constitutional rights is cognizable under 42 U.S.C. § 1983 ("§ 1983"). Claims alleging conspiracy or failure to prevent a conspiracy to violate civil rights may be brought pursuant to 42

U.S.C. § 1985(3) and § 1986.[1] In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Section 1983 imposes liability for constitutional deprivations caused by state actors and cannot be applied to the actions of private individuals. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). Court-appointed attorneys do not act under color of state law merely by virtue of their appointment. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (county public defender does not act under color of state law when performing traditional advocacy functions); Fisk v. Letterman, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) (holding that a court-appointed attorney is not a state actor, even if employed by the Mental Hygiene Legal Services, a state-funded legal services agency under the direction of the New York State Office of Court administration). Accordingly, all claims against Mental Hygiene Legal Services attorneys Sidney Hirschfeld, Lillian Sondon, Jackie Civaltino, and Mr. Felds are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Sections 1985(3) and 1986 may be invoked to protect against conspiracies to deprive individuals of their constitutional rights. Among other requirements, a § 1985(3) plaintiff must show that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Here, Plaintiff has not alleged a deprivation of rights on account of his membership in a protected class, thus he has failed to state a claim for violation of § 1985. See Thomas v. Roach, 165 F.3d 137, 147 (2d Cir.1999). In order to establish a violation of § 1986, a plaintiff must first establish a violation of § 1985 which the § 1986 defendant failed to prevent. Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000) ("[A] § 1986 claim must be predicated upon a valid § 1985 claim.")(quotation marks and citation omitted). As Plaintiff has failed to state a valid claim under these sections, these claims are also dismissed.

A § 1983 plaintiff seeking to recover money damages must establish that the named individual defendants were personally involved in the wrongdoing or misconduct of which complained. A supervisory official is deemed to have been personally involved only if: (1) that official directly participated in the infraction; (2) after learning of a violation through a report or appeal, the official failed to remedy the wrong; (3) the official either created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)). Defendant Sharon Carpinello, the Commissioner of Mental Health, is a supervisory official. Plaintiff has not alleged any direct personal involvement by this individual, nor has he identified any specific acts or failures to act that may be attributed to her. Therefore, this claim, too, must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IV. Conclusion

For the foregoing reasons, Plaintiff's Complaint is dismissed with prejudice, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**IT IS SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, NY
April 3, 2008

Copies to:

Alphonse Pecou
Creedmore Psychiatric
80-45 Winchester Blvd.
Queens Village, NY 11427

Sidney Hirschfeld, Esq.
170 Old Country Rd., Rm. 500
Mineola, NY 11501

Lillian Sondon, Esq.
170 Old Country Rd.
Mineola, NY 11501

Jackie Civaltino, Esq.
170 Old Country Rd.
Mineola, NY 11501

Sharon Carpiello, Commissioner
44 Holland Ave.
Albany, NY 12229

Mr. Felds, Esq.
170 Old Country Rd.
Mineola, NY 11501